**FILED**

NOV 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## Civil Division

PATRICIA JOHNSON
    As the Personal Representative of the Estate
    of JOHN C. JOHNSON, JR., Deceased,
    209 Walbridge Place NW
    Washington, DC 20010

       *Plaintiff,*

    v.

GUY BORDES AGNANT, JR.
    7007 Dolphin Road
    Lanham, MD. 20706

and

CENDANT CORPORATION
    9 West 57th Street
    New York, NY. 10019

    Serve:

    Superintendent of Corporations
    Department of Consumer and Regulatory Affairs
    941 North Capitol Street NE
    Washington, D.C. 20002

and

CENDANT CAR RENTAL GROUP, INC
    6 Sylvan Way
    Parsippany, NJ 07054

    Serve:

    Superintendent of Corporations
    Department of Consumer and Regulatory Affairs
    941 North Capitol Street NE
    Washington, D.C. 20002

and

Case No. _____

CASE NUMBER  1:05CV02305

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Personal Injury/Malpractic

DATE STAMP: 11/29/2005

BUDGET RENT A CAR SYSTEM, INC.                )
   6 Sylvan Way                                           )
   Parsippany, NJ 07054                              )
                                                            )
   Serve:                                                    )
                                                             )
   Superintendent of Corporations                    )
   Department of Consumer and Regulatory Affairs  )
   941 North Capitol Street NE                       )
   Washington, D.C. 20002                            )
                                                             )
and                                                               )
                                                              )
AVIS RENT A CAR SYSTEM, INC.                  )
   6 Sylvan Way                                           )
   Parsippany, NJ 07054                              )
                                                             )
   Serve:                                                    )
                                                             )
   Corporation Service Company                        )
   1090 Vermont Avenue NW                            )
   Washington, D.C.  20005                            )
                                                             )
      *Defendants.*                                        )
                                                             )

## COMPLAINT

      Plaintiff Patricia Johnson, in her capacity as personal and legal representative of

decedent, John C. Johnson, Jr., states as follows as and for her complaint against Guy Bordes

Agnant, Jr., Cendant Corporation, Cendant Car Rental Group, Inc., Budget Rent A Car System,

Inc. and Avis Rent A Car System, Inc.:

### Introduction

      1.      John C. Johnson, Jr. ("Mr. Johnson"), was fatally injured when his automobile

was struck broadside by a second vehicle, owned by Cendant Corporation (d/b/a Budget Rent A

Car System, Inc. and Avis Rent A Car System, Inc.) and operated by Guy Bordes Agnant, Jr., as

122599.00601/35696548v.3

the second drove through a red light at approximately 90 miles per hour. Though no amount of damages can compensate Mr. Johnson's estate or family for his suffering and loss, this lawsuit is but one effort to obtain fair and just compensation from the culpable party.

## Parties

2.      Plaintiff Patricia Johnson is an adult resident of the District of Columbia, residing at 209 Walbridge Place, Northwest, Washington, D.C. 20010. She brings this action in her capacity as the duly appointed personal representative and administrator of the Estate of her deceased son, John C. Johnson, Jr.

3.      At the time of his death, John C. Johnson, Jr. was a forty-nine year old resident of the District of Columbia. At the time of his death, Mr. Johnson was employed by AXA Advisors as a financial planner. His Estate was formed under the laws of the District of Columbia.

4.      Defendant Guy Bordes Agnant, Jr. ("Agnant") is, and at all relevant times was, an adult resident of the State of Maryland, residing at 7007 Dolphin Road, Lanham, Maryland 20706.

5.      Defendant Cendant Corporation is a Delaware corporation with its principal place of business in New York. Cendant Corporation is the parent company of, and does business in the District of Columbia as, Budget Rent A Car System, Inc. and Avis Rent A Car System, Inc.

6.      Defendant Cendant Car Rental Group, Inc. is a Delaware corporation with its principal place of business in New Jersey. Cendant Car Rental Group, Inc. does business in the District of Columbia as Budget Rent A Car System, Inc. and Avis Rent A Car System, Inc., and has offices in the District of Columbia located at 1620 L Street, Northwest. Upon information and belief, Cendant Car Rental Group, Inc. is a wholly owned operating subsidiary of defendant

3

Cendant Corporation. Cendant Corporation and Cendant Car Rental Group, Inc. are hereinafter together referred to as "Cendant."

7. Defendant Budget Rent A Car System, Inc. ("Budget") is a Delaware corporation with its principal place of business in New Jersey. Budget does business in the District of Columbia and has offices located at 1620 L Street, Northwest. Upon information and belief, Budget is a wholly owned operating subsidiary of Cendant.

8. Defendant Avis Rent A Car System, Inc. ("Avis") is a Delaware corporation with its principal place of business in New Jersey. Avis does business in the District of Columbia and, upon information and belief, is a wholly owned operating subsidiary of Cendant.

### Jurisdiction and Venue

9. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

10. The Court has personal jurisdiction over defendant Guy Bordes Agnant pursuant to D.C. Code § 13-423(a)(3) in that his tortious conduct that is the subject of this lawsuit occurred in the District of Columbia.

11. The Court has personal jurisdiction over defendants Cendant, Budget and Avis pursuant to D.C. Code § 13-423(a) in that they routinely transact business in the District of Columbia, and in that their tortious conduct that is the subject of this lawsuit occurred in the District of Columbia.

12. Venue in this action properly lies in this Court pursuant to 28 U.S.C. § 1391 in that the events giving rise to this action took place exclusively in the District of Columbia.

4

**Facts**

13.     On or about November 18, 2004, Agnant entered into a contract with Budget,

pursuant to which he rented a Buick LeSabre automobile that, upon information and belief, was

designated by license plate JNJ-1910 (VA) and VIN No. 1G4HP52K75U126846 (the "Buick").

Upon information and belief, Agnant and Budget entered into the contract at Budget's office

located at 1620 L Street, Northwest in the District of Columbia. A copy of the contract is

attached hereto as Exhibit A and incorporated herein by reference.

14.     Upon information and belief, at all times relevant to this lawsuit, the Buick was

owned by Cendant or Avis or Budget, or all of them, and Budget was authorized to rent the

Buick to Agnant on the owner's behalf.

15.     Cendant or Avis or Budget, or all of them, as owner(s) of the Buick, authorized

Agnant to operate the Buick on November 30, 2004.

16.     At approximately 12:30 AM on November 30, 2004, officers of the Metropolitan

Police Department (MPD), Third District, approached the Buick near the intersection of Georgia

Avenue and Newton Street, NW. As an MPD officer approached the Buick on foot, the Buick

sped off at a high rate of speed on Newton Street. Upon information and belief, Agnant was the

driver of the Buick at that time.

17.     At approximately 12:55 AM on November 30, 2004, the decedent, Mr. Johnson,

was driving a 2004 Mercury Grand Marquis automobile (the "Mercury") and was stopped at a

red traffic signal eastbound on Irving Street at the intersection with Park Place, Northwest.

When the traffic signal facing Mr. Johnson cycled to green, the Mercury entered the intersection.

While the Mercury was in the intersection, the Buick, driven by defendant Agnant at

approximately 90 miles per hour, approached the intersection from Park Place, NW, passed

5

through the red traffic signal for traffic on Park Place and, without braking, struck the Mercury broadside on the driver's side (the "collision").

18.    The impact of the collision caused the Mercury to be pushed laterally in a southerly direction on Park Place, where it struck and mounted the southeast curb, entered a grassy median, continued south on the median and came to a final rest approximately 143 feet from the point of impact.

19.    Seconds after the collision, defendant Agnant was observed to get out of the driver's door of the Buick and fall to the ground several times. He was apprehended by MPD officers while trying to flee the scene in a taxicab. MPD officers also apprehended a passenger in the Buick, later identified as Joseph Adams.

20.    Mr. Johnson was extricated from the Mercury and transported to the Washington Hospital Center, Medstar Unit, where he was admitted in critical condition. Mr. Johnson was not pronounced dead until 1:37 AM on November 30, 2004. An autopsy performed by the Deputy Medical Examiner determined that the cause of Mr. Johnson's death was multiple blunt force trauma caused by the collision.

21.    Upon information and belief, defendant Agnant was operating the Buick under the influence of alcohol at the time of the collision. A search of the Buick's driver side floorboard revealed an operable Ruger .40 caliber semi-automatic handgun that was loaded with nine bullets in the magazine and one in the chamber. Agnant did not have a license to carry that gun on November 30, 2004.

22.    On October 18, 2005, defendant Agnant entered a plea of guilty to one count of Involuntary Manslaughter as a result of his actions in causing the collision and killing Mr.

Johnson. Agnant is scheduled to be sentenced on January 30, 2006, and he faces up to thirty

years in prison.

## COUNT ONE
### (Wrongful Death Against All Defendants)

23.     Paragraphs 1-22 are incorporated by reference as if fully set forth herein.

24.     This claim for wrongful death is brought by Patricia Johnson as the personal

representative of the decedent, John C. Johnson, Jr., pursuant to D.C. Code Ann. § 16-2702

(2001 Repl. Vol.).

25.     Defendant Agnant, acting willfully, knowingly, wrongfully, recklessly and/or

negligently, and disregarding multiple traffic and other laws of the District of Columbia, caused

the Buick to run into the Mercury on November 30, 2004, thereby causing the death of Mr.

Johnson. Agnant's willful, knowing, wrongful, reckless and/or negligent acts and omissions

included, without limitation, his:

    A.  Failure to pay full time and attention to the operation of the Buick;

    B.  Failure to maintain a proper look-out;

    C.  Failure to operate the Buick in a reasonable, careful and prudent manner;

    D.  Failure to maintain control of the Buick;

    E.  Failure to timely apply the Buick's brakes;

    F.  Failure to avoid the collision; and

    G.  Failure to otherwise comply with applicable District of Columbia traffic laws and

        motor vehicle regulations then and there in effect, including but not limited to

        laws and regulations pertaining to speed and proper use of the roadway.

122599.00601/35696548v.3

26.     As a proximate result of defendant Agnant's willful, knowing, wrongful, reckless and/or negligent operation of the Buick, Mr. Johnson was killed in a horrific and unjustifiable automobile collision.

27.     As a further proximate result of Agnant's willful, knowing, wrongful, reckless and/or negligent operation of the Buick, Mr. Johnson's Estate suffered economic damages including but not limited to medical, funeral and burial expenses.

28.     At the time of the aforedescribed automobile accident, Agnant was operating the Buick with the consent of its owner(s) – Cendant, Avis and/or Budget.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.  For compensatory damages in an amount of not less than $10,000,000.00; and further,

B.  Due to the aforesaid reckless, and/or willful, and/or wanton and/or grossly negligent conduct of defendant Agnant, both individually and as agent for Cendant, Avis and Budget, for punitive damages in an amount not less than $15,000,000.00; and further,

C.  For costs and expenses associated with this suit; and further,

D.  For such other and further relief as the Court deems appropriate.

### COUNT TWO
### (Survival Action Against All Defendants)

29.     Paragraphs 1-28 are incorporated by reference as if fully set forth herein.

30.     This survival action is brought by Patricia Johnson as the personal representative and/or administrator of the Estate of John John C. Johnson, Jr. pursuant to D.C. Code Ann. § 12-101 (1995 Rcpl. Vol.).

31.    As a result of Agnant's reckless, willful, wrongful and negligent conduct in operating the Buick on November 30, 2004, Mr. Johnson was critically injured in a horrific automobile collision. Approximately 45 minutes after the collision, Mr. Johnson died as a result of his injuries.

32.    In the seconds immediately prior to the collision, Mr. Johnson experienced extreme emotional distress, fright and mental anguish as he appreciated the approaching Buick and braced for the collision that would cause his death.

33.    During the approximately 45 minutes between the collision and the time of his death, Mr. Johnson experienced extreme and horrific pain, suffering, emotional distress, fright and mental anguish prior to his death. Mr. Johnson also incurred medical expenses prior to his death as a direct and proximate result of Agnant's acts and omissions as aforesaid.

34.    At the time of the aforedescribed automobile accident, Agnant was operating the Buick with the consent of its owner(s) – Cendant, Avis and/or Budget.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.    For additional economic and/or compensatory damages, including but not limited to, lost wages in an amount not less than $10,000,000.00; and further,

B.    For damages to compensate John C. Johnson, Jr. for the pain, suffering, mental anguish and fright in an amount not less than $10,000,000.00; and further,

C.    For costs and expenses associated with this suit; and further,

D.    For such other and further relief as the Court deems appropriate.

9

Respectfully submitted,

William R. Martin (DC Bar #465531)
Alan M. Freeman (DC Bar #454693)
Jarvis Tait (DC Bar #465468)
BLANK ROME LLP
600 New Hampshire Avenue, NW
Washington, D.C. 20037
Tel: (202) 772-5800
Fax: (202) 772-5858

*Counsel for Plaintiff*

Dated: November 29, 2005

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury with respect to each of the claims alleged herein.

William R. Martin *ALAN M. FREEMAN*

122599.00601/35696548v.3