UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| PATRICIA JOHNSON )<br>  As the Personal Representative of the Estate )<br>  of JOHN C. JOHNSON, JR., Deceased, )<br>                            )<br>      Plaintiff, )<br>                            )<br>v.                            )<br>                            )<br>GUY BORDES AGNANT, JR., et al. )<br>                            )<br>      Defendants. ) | Case No. 1:05CV02305<br>Judge: Colleen Kollar-Kotelly |

**RULE 12(b)(6) MOTION TO DISMISS**

COME NOW the Defendants, CENDANT CORPORATION, CENDANT CAR RENTAL GROUP, INC., BUDGET RENT A CAR SYSTEM, INC., and AVIS RENT A CAR SYSTEM, INC. (hereinafter collectively referred to as "Budget Defendants"), by counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby file this Motion to Dismiss for failure to state a cause of action upon which relief may be granted.

The Complaint includes two Counts: Count One is for wrongful death and Count II presents a survival action for negligence. Although the Complaint alleges wrongful conduct on the part of Co-Defendant Agnant, namely reckless, willful, wrongful and negligent conduct in the operation of a motor vehicle, the pleading is silent as to any allegation of wrong-doing or other assertion of liability against the Budget Defendants. At most, the Complaint makes several passing allegations that the Budget Defendants individually or collectively owned the vehicle being operated by Defendant Agnant. However, even if true, this allegation alone does not state a cause of action against the Budget Defendants.

WHEREFORE, the Budget Defendants respectfully request that this Honorable Court enter an Order dismissing all claims against them with prejudice. In further support thereof, the Court is respectfully referred to the Supporting Memorandum of Points and Authorities.

Respectfully Submitted,

**s/ Kimberly A. Chadwick, Esquire**
District of Columbia Bar No.477717
DOHERTY, SHERIDAN & PERSIAN, L.L.P.
8408 Arlington Boulevard, Suite 200
Fairfax, Virginia 22031-4663
(703) 698-7700 - phone
(703) 641-9645 - fax
kchadwick@dsp-law.com
*Counsel for Cendant Corporation, Cendant Car Rental Group, Inc., Budget Rent A Car System, Inc., and Avis Rent A Car System, Inc.*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| PATRICIA JOHNSON )<br>  As the Personal Representative of the Estate )<br>  of JOHN C. JOHNSON, JR., Deceased, )<br>  )<br>    Plaintiff, )<br>  )<br> v. )<br>  )<br>  )<br> GUY BORDES AGNANT, JR., et al. )<br>  )<br>    Defendants. ) | ) Case No. 1:05CV02305<br>) Judge: Colleen Kollar-Kotelly |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

COME NOW the Defendants, CENDANT CORPORATION, CENDANT CAR RENTAL GROUP, INC., BUDGET RENT A CAR SYSTEM, INC., and AVIS RENT A CAR SYSTEM, INC. (hereinafter collectively referred to as "Budget Defendants"), by counsel, and in support of their Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby state as follows:

I.    STANDARD FOR RELIEF UNDER RULE 12(b)(6)

When reviewing a Complaint challenged by a Motion to Dismiss under Federal Rule of Civil 12(b)(6), the Court accepts all allegations contained therein as true and draws any inferences in the plaintiff's favor.  Croixland Props. Ltd. P'ship v. Corcoran, 335 U.S. App. D.C. 377, 174 F.2d 213, 215 (D.C. Cir. 1999). Dismissal is proper when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  Warren v. D.C., 359 U.S. App. D.C. 179, 353 F.3d 36 (D.C. Cir. 2004).

As set forth below, the Complaint does not actually set forth *any* cause of action against the Budget Defendants. Furthermore, even if the Plaintiff contends she could fashion a claim premised upon the limited facts pled regarding ownership of the vehicle, the Complaint still fails to state a cause of action upon which relief may be granted as such a claim is not viable against a rental car company.

II.     THE COMPLAINT FAILS TO SET FORTH ANY CAUSE OF ACTION AGAINST THE BUDGET DEFENDANTS

According to the Complaint, this action arises out of the fatal injuries and death of John C. Johnson, Jr. on November 20, 2004, following a motor vehicle accident occurring that same date during which the vehicle he was driving collided with that being driven by Defendant Agnant. (See Complaint at ¶¶ 17 and 20). Count I of the Complaint, for wrongful death, alleges "as a proximate result of defendant Agnant's willful, knowing, wrongful, reckless and /or negligent operation of the Buick, Mr. Johnson was killed in a horrific and unjustifiable automobile collision." (Complaint at ¶26). The sole mention of the Budget Defendants in this Count is limited to an allegation that Agnant was operating the vehicle with the consent of its owners, i.e. Cendant, Avis and/or Budget. (Complaint at ¶28).

Similarly, Count II, which alleges a survival action for the pain and suffering endured by the decedent, contends that such damages resulted from "Agnant's reckless, willful, wrongful and negligent conduct in operating the Buick." (Complaint at ¶31). Once again, this Count is silent for any allegations against the Budget Defendants other than another passing reference that Agnant was operating the vehicle with the consent of its owner(s). (Complaint at ¶34). Neither Count sets forth a cause of action against Budget, Avis or Cendant. They are not alleged to have participated

in any conduct which proximately resulted in the complained of injuries and damages to the decedent and his estate. Even accepting as true all facts pled in the Complaint and taking them together, there has been no cause of action pled against these Defendants.

In order to satisfy the minimum pleading requirements under the federal rules, a complaint must allege the elements of the cause of action. Croixland, 174 F.2d at 215. Among other things, Federal Rule of Civil Procedure 8 mandates a short and plain statement of the claim showing that the pleader is entitled to relief against the opposing party. Fed. R. Civ. Pro. 8(a).

These minimal requirements have not been met by the Complaint as it does not allege *any* cause of action against the Budget Defendants. Therefore, allowing the case to proceed under the present Complaint would greatly prejudice these Defendants because they would effectively be blindly defending the case by not knowing on what specific factual or legal basis the Plaintiff seeks to hold them liable. By not being required to definitively assert a specific cause of action from the onset of the case, the Plaintiff would be granted impermissible leeway to recast her case and claims as the matter proceeds.

In light of the foregoing, the Budget Defendants respectfully request that this action against them be dismissed with prejudice.

III.   ANY VICARIOUS LIABILITY CLAIM PREMISED UPON MERE OWNERSHIP OF THE VEHICLE IS PROHIBITED UNDER FEDERAL LAW

Judging from the limited allegations set forth against the Budget Defendants in the Complaint, it is anticipated that the Plaintiff may respond to this Motion by asserting that the Budget Defendants' liability is premised upon their alleged ownership of the vehicle. Although not actually pled, it is further expected, based on a phone conversation with opposing counsel, that the Plaintiff

may contend that as the vehicle owners, the Budget Defendants are obligated to afford certain liability coverage for these claims or alternatively may be held vicariously liable for the operation of their vehicle. As to the former, a direct action may not be brought against an entity affording liability coverage until the claim against the insured tortfeasor has been reduced to a judgment and returned unsatisfied. See A.S. Johnson Co. v. Atlantic Masonry Co., 693 A.2d 1117, 1119 (D.C. 1997). Therefore, any claim of this nature would be premature.

As to any claim for vicarious liability premised upon mere ownership of the vehicle, such actions are prohibited against rental car companies under federal law:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation or possession of the vehicle during the period of the rental or lease if:
>
> (1)   the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2)    there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner). 49 U.S.C.S. §30106(a).

By its terms, this statute is applicable to any action commenced on or after August 10, 2005, regardless if the conduct at issue occurred before this date. 49 U.S.C.S. §30106(c). The instant action was filed after this deadline on November 29, 2005, rendering the preclusive effects of this statute applicable.

The purpose of this statute is to "to preempt state statutes that impose vicarious liability on rental car companies for the negligence of their renters." Piche v. Nugent, 2005 U.S. Dist. LEXIS 22275 (D. Me. 2005). As such, the applicability of this statute to the instant set of circumstances is inescapable. The Budget Defendants are alleged to be the vehicle owners who leased the automobile

6

to Defendant Agnant as part of their rental car business operations in the District of Columbia. (See Complaint at ¶¶13 and 14). Indeed a copy of the front page of the rental contract was attached as an exhibit to the Complaint. Furthermore, a review of the Complaint's contents reveals no allegations that any of the Budget Defendants participated in any negligent acts or criminal wrongdoing. Therefore, both requisites of this statute are satisfied, thus precluding any claims to impose liability upon the Budget Defendants premised upon their alleged ownership and leasing of this rental vehicle.

Therefore, to the extent the Plaintiff contends that she is bringing a claim against the Budget Defendants premised on their ownership of the vehicle, the Complaint should be dismissed with prejudice against them for failure to state a cause of action pursuant to Rule 12(b)(6).

IV.  CONCLUSION

WHEREFORE, having demonstrated that the Plaintiff has not and cannot state a claim upon the Budget Defendants upon which relief may be granted, Defendants CENDANT CORPORATION, CENDANT CAR RENTAL GROUP, INC., BUDGET RENT A CAR SYSTEM, INC., and AVIS RENT A CAR SYSTEM, INC. respectfully request that their motion be GRANTED and that all claims against them be DISMISSED WITH PREJUDICE.

    Respectfully Submitted,

    **s/ Kimberly A. Chadwick, Esquire**
    District of Columbia Bar No.477717
    DOHERTY, SHERIDAN & PERSIAN, L.L.P.
    8408 Arlington Boulevard, Suite 200
    Fairfax, Virginia 22031-4663
    (703) 698-7700 - phone
    (703) 641-9645 - fax
    kchadwick@dsp-law.com
    *Counsel for Cendant Corporation, Cendant Car Rental Group, Inc., Budget Rent A Car System, Inc., and Avis Rent A Car System, Inc.*

# TABLE OF AUTHORITIES

**Cases**

*A.S. Johnson Co. v. Atlantic Masonry Co.*
693 A.2d 1117, 1119 (D.C. 1997)......................................................................................6

*Croixland Props. Ltd. P'ship. v. Corcoran*
335 U.S. App. D.C. 377, 174 F.2d 213 (D.C. Cir. 1999)..............................................3,5

*Piche v. Nugent*
2005 U.S. Dist. LEXIS 22275 (D. Me. 2005)...................................................................6

*Warren v. D.C.*
359 U.S. App. D.C. 179, 353 F.3d 36 (D.C. Cir. 2004)....................................................3

**Rules of Court**

Fed. R. Civ. Pro. 8(a).........................................................................................................5

* Fed. R. Civ. Pro. 12(b)(6)...........................................................................................1, 3, 7

**Statutes**

* 49 U.S.C.S. §30106..........................................................................................................6