# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PATRICIA JOHNSON <br> (As the Personal Representative of the <br> Estate of JOHN C. JOHNSON, JR.) | * <br> * | |
| Plaintiff | * | |
| vs. | * | Case No.:    1:05CV02305 |
| GUY BORDES AGNANT, JR., et al. | * | Judge: Colleen Kollar-Kotelly |
| Defendants | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## ANSWER TO COMPLAINT

NOW COMES Defendant, Guy B. Aganant, Jr. (hereinafter "Agnant"), by his attorney, Ronald S. Landsman, Esquire, and in Answer to the Complaint filed against him and in his defense states as follows:

## FIRST DEFENSE

The Complaint fails to state any claim upon which relief may be granted as against this Defendant.

## SECOND DEFENSE

This Defendant generally denies all liability and damages to the Plaintiff and his estate.

## THIRD DEFENSE

The relief sought in the Complaint is, or may be, barred by the contributory negligence of the Plaintiff's decedent;

## FOURTH DEFENSE

The relief sought may be barred by assumption of risk on the part of Plaintiff's

decedent;

## FIFTH DEFENSE

The claim against this Defendant may be barred by the applicable statute of limitations;

## SIXTH DEFENSE

That all or part of the relief sought may be barred by release;

## SEVENTH DEFENSE

That all or part of the relief sought may be barred by payment;

## EIGHTH DEFENSE

That all or part of the relief sought may be barred by accord and satisfaction;

## NINTH DEFENSE

This Defendant denies the causal relationship of any injuries or damages to the Plaintiff to any acts or omissions on the part of this Defendant;

## TENTH DEFENSE

The relief sought may be barred by the intervening or superseding acts of other persons or parties over whom this Defendant had no control;

## ELEVENTH DEFENSE

That the Plaintiff may lack the authority to sue as alleged;

## TWELFTH DEFENSE

That this Defendant pleads all defenses that may be available under the laws of the District of Columbia;

### THIRTEENTH DEFENSE

That although this Defendant denies any negligence, any conduct of this Defendant that allegedly caused or contributed to the occurrence was passive only which may bar the relief sought.

### FOURTEENTH DEFENSE

That this Defendant reserves the right to supplement its defenses as discovery progresses and new or additional information may be revealed.

### FIFTEENTH DEFENSE

In answer to the numbered paragraphs of the Complaint, this Defendant states as follows:

1. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 1 of the Complaint and therefore must deny and demand strict proof thereof.

2. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 2 of the Complaint and therefore must deny and demand strict proof thereof.

3. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 3 of the Complaint and therefore must deny and demand strict proof thereof.

4. That Defendant admits the allegations in paragraph 4 of the Complaint.

5. That the averments in paragraph 5 pertain to a Co-Defendant and, therefore, no response is required.

6. That the averments in paragraph 6 pertain to a Co-Defendant and, therefore, no response is required.

7. That the averments in paragraph 7 pertain to a Co-Defendant and, therefore, no response is required.

8. That the averments in paragraph 8 pertain to a Co-Defendant and, therefore, no response is required.

9. That Defendant admits the allegations in paragraph 9 of the Complaint.

10. That Defendant admits that this Court has jurisdiction over this Defendant but denies any tortious conduct that is the subject of this lawsuit.

11. That the averments in paragraph 11 pertain to a Co-Defendant and, therefore, no response is required.

12. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 12 of the Complaint and therefore must deny and demand strict proof thereof.

13. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 13 of the Complaint and therefore must deny and demand strict proof thereof.

14. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 14 of the Complaint and therefore must deny and demand strict proof thereof.

15. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 15 of the Complaint and therefore must deny and demand strict proof thereof.

16. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 16 of the Complaint and therefore must deny and demand strict proof thereof.

17. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 17 of the Complaint and therefore must deny and demand strict proof thereof.

18. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 18 of the Complaint and therefore must deny and demand strict proof thereof.

19. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 19 of the Complaint and therefore must deny and demand strict proof thereof.

20. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 20 of the Complaint and therefore must deny and demand strict proof thereof.

21. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 21 of the Complaint and therefore must deny and demand strict proof thereof.

22. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 22 of the Complaint and therefore must deny and demand strict proof thereof.

23. That Defendant incorporates by reference his responses to paragraphs 1-22 of the Complaint as if fully set forth herein.

24. Defendant admits the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant admits that he had the consent of the owner of the motor vehicle to operate it on the date of the incident.

29. That Defendant incorporates by reference his responses to paragraphs 1-28 of the Complaint as if fully set forth herein.

30. Defendant admits the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 32 of the Complaint and therefore must deny and demand strict proof thereof.

33. That Defendant is without sufficient information at this time to either admit or deny the allegations in paragraph 33 of the Complaint and therefore must deny and demand strict proof thereof.

34. Defendant admits that he had the consent of the owner of the motor vehicle to operate it on the date of the incident.

WHEREFORE, Defendant, Guy B. Agnant, respectfully requests that the Complaint be dismissed with prejudice.

>Respectfully Submitted,
>
>_____/s/_____
>RONALD S. LANDSMAN
>(Bar No.:426091)
>The Sophmar Building
>Six East Mulberry Street
>Baltimore, Maryland 21202
>410-752-4220
>Attorney for Defendant, Guy B. Agnant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this _____ day of December, 2005, a copy of the foregoing Answer To Complaint was mailed, postage prepaid, to: William R. Martin, Esquire, Alan M. Freeman, Esquire, Jarvis Tait, Esquire, Blank Rome LLP, 600 New Hampshire Avenue, NW, Washington, D.C. 20037, Attorneys for Plaintiff; Kimberly A. Chadwick, Esquire, Doherty, Sheridan & Persian, LLP, 8408 Arlington Boulevard, Suite 200, Fairfax, Virginia 22031, Attorneys for Cendant Corporation, Cendant Car Rental Group, Inc. Budget Rent A Car System, Inc. and Avis Rent A Car System, Inc., Defendants.

>_____/s/_____
>RONALD S. LANDSMAN
>(Bar No.:426091)