UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

PATRICIA JOHNSON )
   As the Personal Representative of the )
   Estate of John C. Johnson, Jr., Deceased, )
)
       *Plaintiff*, )   Civil Action No. 05-2305
)   (Judge C. Kollar-Kotelly)
v. )
)
GUY BORDES AGNANT, JR., *et al.*, )
)
       *Defendants.* )

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO CERTAIN DEFENDANTS' MOTION TO DISMISS**

By their motion to dismiss, defendants Budget Rent A Car System, Inc., Avis Rent A Car System, Inc., Cendant Corporation and Cendant Car Rental Group, Inc. (collectively, the "Budget Defendants") seek to avoid statutory liability for the death of John C. Johnson. For their motion, the Budget Defendants primarily rely on federal legislation that was enacted *after* Mr. Johnson was fatally injured by one of their automobiles, and *prior to* expiration of the applicable statute of limitations. Because the federal statute on which they rely does not repeal contrary and controlling provisions of the D.C. Code, and because it is unconstitutional as applied to this case, the motion to dismiss must be denied.

## Background

At approximately 12:55 am on November 30, 2004, John C. Johnson, Jr. ("Mr. Johnson") was stopped at a traffic light eastbound on Irving Street in the Northwest section of the District of Columbia, while driving a 2004 Mercury Grand Marquis automobile. When the traffic light facing him turned green, Mr. Johnson entered the intersection, where he was struck broadside by a Buick LeSabre automobile driven by defendant Guy B. Agnant, Jr. As explained more fully in the Complaint, Agnant had rented the Buick from defendant Budget Rent A Car System, Inc., and he was authorized by the Buick's owners – the Budget Defendants – to be operating it at the time of the collision.

Mr. Johnson was pronounced dead of his injuries sustained in the collision at approximately 1:37 am on November 30, 2004. Appropriately, the Metropolitan Police Department ("MPD") opened a criminal investigation into the collision that took Mr. Johnson's life, and that investigation led to the indictment of defendant Agnant. During the course of the investigation and prosecution, however, MPD was unwilling to share the fruits of its investigation with Mr. Johnson's Estate – even in response to requests propounded under the Freedom of Information Act, D.C. Code § 2-531 *et seq.* Accordingly, plaintiff initially was limited in her ability to determine the full circumstances that led to the collision, and to identify the culpable parties. Knowing that the District of Columbia's applicable statute of limitations was one year, she did not perceive a need to "race to the courthouse," and so deferred filing suit until the circumstances of Mr. Johnson's death could be fully determined.

On October 18, 2005, Agnant entered a plea of guilty to one count of Involuntary Manslaughter in causing the death of Mr. Johnson. Shortly thereafter, and within the applicable limitations period, plaintiff filed this suit against Agnant and the Budget Defendants.

The basis for plaintiff's claims against Agnant are obvious and not at issue in this motion. The basis for plaintiff's claims against the Budget Defendants is equally clear. As explained more fully in the Complaint, the Buick that Agnant was driving at the time of the collision was a vehicle that he had rented from, and that was owned by, the Budget Defendants. In this respect, the District of Columbia Code provides:

> § 50-1301.08. Operator deemed to be agent of owner
>
> Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, *the operator thereof shall in the case of accident, be deemed to be the agent of the owner of such motor vehicle*, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner.

D.C. Code § 50-1301.08 (2005) (emphasis added). This provision of the D.C. Code was enacted *by Congress* on May 25, 1954.

For their motion to dismiss, the Budget Defendants rely on a last minute amendment that was tacked onto the Safe, Accountable, Flexible, Efficient Transportation Equity Act (SAFETEAU-LU), which was adopted by Congress on August 10, 2005. The amendment provides, in pertinent part:

> **(a) In general.**--An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if –
>
>> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>>
>> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner.

49 U.S.C. § 30106(a) (2005). The statute, which was adopted with no discernible Congressional debate or discussion,[1] goes on to provide:

> **(c) Applicability and effective date.** Notwithstanding any other provision of law, this section shall apply with respect to any action commenced on or after the date of enactment of this section without regard to whether the harm that is the subject of the action, or the conduct that caused the harm, occurred before such date of enactment.

49 U.S.C. § 30106(c) (2005).

Whatever Congress' motivation for enacting this law may have been, the statute itself is legally inadequate to repeal the contrary provision of the D.C. Code, and it is unconstitutional as applied to the facts of this case.

### Argument

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all allegations contained in the complaint as true, and must draw any inferences in the plaintiff's favor. *Croixland Props. Ltd. P'ship v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999); *Haynesworth v. Miller*, 820 F.2d 1245, 1249 n. 11 (D.C. Cir., 1987).

---

[1] *See generally* 2005 Acts, House Conference Report No. 109-203; 2005 U.S. Code Cong. and Adm. News, p. 452.

Dismissal is not appropriate unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Caribbean Broad Sys. Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1085 (D.C. Cir. 1998). To survive a motion under Rule 12(b)(6), the complaint "need not plead law or match facts to every element of a legal theory." *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

In our case, the Budget Defendants cannot meet the high threshold for dismissal because the uncontested allegations of the complaint, and the controlling law of the District of Columbia, make plain their continuing liability to plaintiff.

## I. THE COMPLAINT ADEQUATELY ALLEGES INDEPENDENT STATUTORY RIGHTS OF ACTION AGAINST THE BUDGET DEFENDANTS.

In the District of Columbia, negligent conduct resulting in death gives rise to independent rights of action under the Wrongful Death Act, D.C. Code §§ 16-2701 *et seq.*, and under the Survival Act, D.C. Code §§ 12-101 *et seq. See also Semler v. Psychiatric Institute of Washington, D.C., Inc.*, 575 F.2d 922, 924 (D.C. Cir. 1978).

To state a claim under the Wrongful Death Act, plaintiff must show that the "wrongful act, neglect, or default of a person or corporation" caused injury and death in the District of Columbia which, if death had not resulted, would have entitled the injured person to maintain an action and recover damages. D.C. Code § 16-2701. To state a claim under the Survival Act, plaintiff need only show that she is the legal representative of a decedent for whom a cause of action accrued prior to

his death. D.C. Code § 12-101. The Complaint more than satisfies initial pleading requirements.

Plaintiff has alleged – in clear and unequivocal terms – that the wrongful and negligent conduct of Agnant in operating the Buick was the direct and proximate cause of Mr. Johnson's death, and further that Agnant was operating the Buick with the consent of its owners, the Budget Defendants, at the time of the collision. *See generally* Complaint. The Complaint also alleges, quite clearly, that plaintiff is the legal representative of Mr. Johnson. *Id.*

The Budget Defendants suggest the foregoing is insufficient to state claims against them because the sole factual allegation directed against them is that Agnant was operating the Buick with their consent at the time of the collision. But that allegation is legally sufficient to extend the wrongful death and survival claims to the Budget Defendants because it states a claim against them *as principals* for the acts of their agent, Agnant. Specifically, D.C. Code § 50-1301.08 (quoted in full above) provides that, in the case of an accident, the operator of a motor vehicle *is deemed to be the agent of the owner of such vehicle*, and the law in the District of Columbia is that a principal is responsible for the tortious conduct of its agent provided the agent was acting within the scope of the agency relationship at the time of the wrongful conduct. *See, e.g. Judah v. Reiner*, 744 A.2d 1037, 1039-40 (D.C. 2000).

Here, plaintiff has more than adequately alleged Agnant's direct liability under the wrongful death and survival statutes, and she has more than adequately

alleged that the Budget Defendants owned the Buick and consented to Agnant's use at the time of the collision, thereby making him their agent for purposes of this litigation. Accordingly, the Budget Defendants' statutory vicarious liability has been clearly and adequately alleged, and their claim that no cause of action has been stated against them should be rejected.

## II. FEDERAL LAW DOES NOT REPEAL STATUTORY VICARIOUS LIABILITY IN THE DISTRICT OF COLUMBIA BECAUSE IT FAILS TO EFFECT A REPEAL OF D.C. CODE § 50-1301.08.

In order to repeal all or part of prior federal legislation, Congress must do so by express language. In this respect, the Federal Savings Clause, 1 U.S.C. §109, provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, ***unless the repealing Act shall so expressly provide***, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. (emphasis added)

The plain language of the Savings Clause dictates that if Congress intends to repeal prior federal legislation, the repeal must be *express*. In other words, the repealing statute must expressly identify the prior legislation to be repealed, and it may not do so by implication. This conforms with well-settled rules of statutory construction, which define an "express repeal" as a "valid legislative enactment which contains an express provision repealing a particular act or a part of an act." *See* Singer, *Sutherland's Statutory Instruction*, 6th ed. Vol. 1A § 23:7 (2002); *see also State ex rel. Moran v. Washburn*, 112 A.2d 897 (D.C. Super Ct. 1955) ("The chief value of an express repeal is the fact that it generally leaves no uncertainty as to

whether the statutes or parts of statutes designated have been repealed.") (internal citations omitted).

Here, the Budget Defendants argue that legislation adopted by Congress in August 2005, and codified at 49 U.S.C. § 30106, impliedly repeals a contrary provision of the D.C. Code even though no effort is made in the "repealing" statute or its legislative history (there is none) to identify or reference the section of the D.C. Code here at issue.

The D.C. Code section at issue was enacted more than fifty years ago *by Act of Congress*, and it is subject to the protections afforded by the Savings Clause. *See generally U.S. v. Alston*, 580 A.2d 587, 600 (D.C. 1990) ("Congress chose to make its general laws applicable to the District of Columbia"); *O'Connell v. Maryland Steel Erectors, Inc.*, 495 A.2d 1134, 1142 n.16 (D.C. 1986) (Savings Clause is applicable to the District of Columbia). Congress certainly was aware of the Savings Clause when it enacted the allegedly repealing statute, 49 U.S.C. § 30106, in August 2005, and it could have expressly stated its intention that the statute repeal D.C. Code § 50-1301.08. But Congress failed to do so. That being the case, the former is legally insufficient to effect a full or partial repeal of the latter.

Whatever the effect of 49 U.S.C. § 30106 may be with respect to state statutes and common law, the provision clearly is ineffective to repeal Congressionally defined law of the District of Columbia, and the Budget Defendants' claim that it

does so must be rejected. On this ground alone, the motion to dismiss should be denied.[2]

### III. FEDERAL LAW DOES NOT REPEAL STATUTORY VICARIOUS LIABILITY IN THE DISTRICT OF COLUMBIA BECAUSE THE FEDERAL LAW IS UNCONSTITUTIONAL AS APPLIED TO THIS CASE.

Legislation that shortens a statute of limitations will pass Constitutional muster only if it provides a reasonable time for those affected by the limitation to assert their rights. To conclude otherwise would result in a violation of plaintiff's due process guarantees. As the Fifth Circuit aptly noted in *Fust v. Arnar-Stone Labs., Inc.*, 736 F.2d 1098 (5th Cir. 1984), "a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right *provided it allows a reasonable time for those affected by the act to assert their rights.*" 736 F.2d at 1100 (emphasis added). *See also Hartford Cas. Ins. Co. v. F.D.I.C.*, 21 F.3d 696, 703-704 (5th Cir. 1994) (rejecting retroactive application of a limitations statute where doing so would extinguish claims that were valid before the statute's effective date despite the fact that claimant had acted properly under law existing at the time its claims arose); *Quintana v. Los Alamos Med. Ctr.*, 889 P.2d 1234, 1236 (N.M. App., 1994) ("when statutes of limitation are amended to reduce the limitations period, courts have allowed a reasonable time to bring a cause of action that would have been timely but for the amendment reducing the limitations period"); *McGuirk v. City School*

---

[2] As discussed more fully below, the Court need not address the constitutionality of the August amendment if it determines, based on the Savings Clause, that the amendment is ineffective to repeal D.C. Code § 50-1301.08.

9

*Dist. of the City of Albany*, 501 N.Y.S.2d 477, 478 (no constitutional impediment to legislation retroactively shortening a limitations period *provided that* aggrieved parties have a "reasonable time to commence the action under the shortened period").

In our case, the statute of limitations applicable to plaintiff's wrongful death and survival claims was one year, *see* D.C. Code § 16-2702, thereby entitling her to commence this action on or before November 29, 2005, which she did. But Congress enacted 49 U.S.C. §30106 on August 10, 2005 – almost four months *prior to* expiration of the limitations period – and immediately announced, without any warning, that the new statute's proscriptions would apply *retroactively* and *immediately* to claims that already had accrued, notwithstanding any applicable statute of limitations. In effect, Congress shortened the statute of limitations on plaintiff's vicarious liability claims against the Budget Defendants when it eliminated the statutory basis for the Budget Defendants' principal/agent relationship with Agnant.

Importantly, plaintiff had no notice of Congress' intention to eliminate the legal underpinning of her claims against the Budget Defendants, nor did she have any notice that Congress intended to do so immediately and retroactively with respect to accrued claims that were within the applicable limitations period. In fact, all indications are that the statute was an eleventh hour amendment to a highway transit and funding bill, and that there was no, or virtually no, public notice or discussion. *See*, Toni Johnson, *Rules Allow Slew of Amendments on Highway Bill*

*With Promise of More to Come*, CQ Committee Coverage, March 8, 2005. *See also* 2005 Acts, House Conference Report No. 109-203; 2005 U.S. Code Cong. and Adm. News, p. 452. Indeed, this particular amendment was the last item reported in the House Action Report pertaining to the bill. *See*, House Action Reports, No. 109-6, August 3, 2005, and the official legislative history makes no mention of the amendment.

In summary, although the statute effectively shortened the limitations period on plaintiff's claims by thirty percent, plaintiff had no notice that the amendment was being considered and, by applying it immediately and retroactively, Congress deprived her of *any* time (much less the constitutionally required "reasonable time") to assert her rights. Thus, as applied to the facts of this case, the statute upon which the Budget Defendants rely for their motion to dismiss is unconstitutional.

Of course, it is a cardinal principle of statutory construction that where the language of an act will bear two fair interpretations, the interpretation that avoids conflict with the provisions of the Constitution is to be preferred. *See, e.g. Public Citizen v. Department of Justice*, 491 U.S. 440, 465 (1989); *Ashwander v. TVA*, 297 U.S. 288, 347 (1936) (Mr. Justice Brandeis concurring); *Alma Motor Co. v. Timken Co.*, 329 U.S. 129, 136 (1946); *Faustin v. City and County of Denver*, 268 F.3d 942, 951 (10th Cir. 2001); *Maryland v. EPA*, 530 F.2d 215 (4th Cir. 1975). In this case, the proper statutory construction of the August amendment (49 U.S.C. § 30106), the Savings Clause (2 U.S.C. § 109) and D.C. Code § 50-1301.08 is that the August amendment is not effective to repeal or otherwise modify the D.C. Code. That

interpretation independently requires the denial of the Budget Defendants' motion and, as a result, the constitutional issues presented by the effective shortening of a statute of limitations can and should be avoided.

## Conclusion

For the foregoing reasons, the Budget Defendants' Motion to Dismiss should be denied.

                                              Respectfully submitted,

                                              */s/ Alan M. Freeman*
                                              William R. Martin (DC Bar #465531)
                                              Alan M. Freeman (DC Bar #454693)
                                              Jarvis Tait (DC Bar #465468)
                                              BLANK ROME LLP
                                              600 New Hampshire Avenue, NW
                                              Washington, D.C. 20037
                                              Tel: (202) 772-5800
                                              Fax: (202) 772-5858

                                              *Counsel for Plaintiff*

Dated: January 13, 2006

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Alma Motor Co. v. Timken Co.*, 329 U.S. 129 .................................................................. 11

*\*Ashwander v. TVA*, 297 U.S. 288 ..................................................................................... 11

*Caribbean Broad System Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080 ........................... 5

*Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213 ..................................... 4

*Faustin v. City and County of Denver*, 268 F.3d 942 ........................................................ 11

*\*Fust v. Arnar-Stone Laboratoriess, Inc.*, 736 F.2d 1098 .................................................... 9

*\*Hartford Casualty Insurance Co. v. F.D.I.C.*, 21 F.3d 696 ................................................ 9

*Haynesworth v. Miller*, 820 F.2d 1245 ................................................................................ 4

*Krieger v. Fadely*, 211 F.3d 134 .......................................................................................... 5

*Maryland v. EPA*, 530 F.2d 215 ........................................................................................ 11

*\*Public Citizen v. Department of Justice*, 491 U.S. 440 ................................................... 11

*\*Semler v. Psychiatric Institute of Washington, D.C., Inc.*, 575 F.2d 922 ........................... 5

### STATE CASES

*\*Judah v. Reiner*, 744 A.2d 1037 ........................................................................................ 6

*McGuirk v. City School District of the City of Albany*, 501 N.Y.S.2d 477 ........................ 9

*\*O'Connell v. Maryland Steel Erectors, Inc.*, 495 A.2d 1134 .............................................. 8

*Quintana v. Los Alamos Medical Ctr.*, 889 P.2d 1234 ........................................................ 9

*State ex rel. Moran v. Washburn*, 112 A.2d 897 ................................................................. 7

*\*U.S. v. Alston*, 580 A.2d 587 ............................................................................................. 8

### FEDERAL STATUTES

49 U.S.C. § 30106 ......................................................................................................... 7, 8, 9

49 U.S.C. § 30106(a) ............................................................................................................4

49 U.S.C. § 30106(c) ............................................................................................................4

*Federal Savings Clause, 1 U.S.C.. §109 ............................................................................7

## STATE STATUTES

*D.C. Code § 50-1301.08 ............................................................................................3, 6, 7, 8

D.C. Code § 12-101 ............................................................................................................5, 6

D.C. Code § 16-2701 ............................................................................................................5

D.C. Code § 16-2702 ............................................................................................................9

D.C. Code § 2-531 et seq ......................................................................................................2

D.C. Code §§ 12-101 et seq ..................................................................................................5

D.C. Code §§ 16-2701 et seq ................................................................................................5