UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| PATRICIA JOHNSON                                            )
  As the Personal Representative of the Estate      )
  of JOHN C. JOHNSON, JR., Deceased,              )
                                                                              )
           Plaintiff,                                                       ) Case No. 1:05CV02305
                                                                              ) Judge: Colleen Kollar-Kotelly
v.                                                                              )
                                                                              )
                                                                              )
GUY BORDES AGNANT, JR., et al.                       )
                                                                              )
           Defendants.                                                  ) | |

**DEFENDANT BUDGET'S REPLY BRIEF IN
SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS**

COME NOW the Defendants, CENDANT CORPORATION, CENDANT CAR RENTAL GROUP, INC., BUDGET RENT A CAR SYSTEM, INC., and AVIS RENT A CAR SYSTEM, INC. (hereinafter collectively referred to as "Budget Defendants"), by counsel, and in reply to the Plaintiff's Opposition to their Rule 12(b)(6) Motion to Dismiss, hereby state as follows:

I.   THE COMPLAINT DID NOT ACTUALLY PLEAD AGENCY LIABILITY

In her Opposition, the Plaintiff sets forth what was essentially absent from her Complaint - namely the legal basis for suing the Budget Defendants. As she concedes, the sole allegations against Budget is that they owned the rental car and consented to Agnant's use. (See Plaintiff's Memorandum in Opposition ("Oppos.") at pg. 7). However, these facts alone do not state a cause of action. Therefore, in her Opposition, Plaintiff expounds by revealing that she is relying upon D.C. Code §50-1301.08 and intends to argue that Agnant was Budget's agent and acting within the scope of that agency in his operation of the rental vehicle. (Oppos. at pg. 6).

Notwithstanding the arguments below, should the Court decline to give effect to 49 U.S.C.S. §30106, the Plaintiff should be required to amend her Complaint to definitively set forth the legal and factual basis of her claim against Budget. Inclusion of the specific statute(s) upon which the Plaintiff is premising her case of liability ensures that there are no surprises at trial and affords Budget fair and adequate notice of the claims being brought against it so that it may properly shape its defense. Absent such boundaries, Plaintiff is free to fashion an alternative theory of liability as discovery proceeds and it becomes even more apparent that Co-Defendant Agnant could not have been Budget's agent at the time of the accident in light of the allegations that he was fleeing from the police at 90 mph while under the influence of alcohol and carrying an illegal firearm loaded with ammunition. (See Complaint at ¶¶16, 17, 21 and 22). However, as discussed below, 49 U.S.C.S. §30106 is entitled to full enforcement, thus rendering the above argument moot.

II. THE REQUIREMENTS OF THE SAVINGS CLAUSE ARE SATISFIED BY BOTH THE EXPRESS PROVISIONS AND NECESSARY IMPLICATION OF THE STATUTE

Plaintiff's primary argument against the enforcement of §30106 is that because it does not make specific reference to D.C. Code §50-1301.08, Congress could not have intended to repeal it. In quoting the language of the Federal Savings Clause, codified at 1 U.S.C.S. §109, the Plaintiff's brief adds emphasis to the phrase "unless the repealing Act shall so expressly provide."  The Plaintiff contends this phrase requires that Congress expressly cite the statute(s) it intends to repeal. (Oppos. at pg. 7).  However, the emphasized passage, taken in its proper context, simply means that a defendant's liability incurred under a then existing statute is not extinguished by its subsequent repeal unless the repealing Act "so expressly provide[s]." See U.S. v. Schumann, 861 F.2d 1234, 1239 (11th Cir. 1988) ("the savings clause insures that penalties accruing while a statute was in force

may be prosecuted after its repeal, absent an express provision to the contrary in the repealing statute.").

However, in this case, the statute expressly states that it is indeed repealing and abolishing liability which otherwise existed under state law as of the date of its enactment regardless of when the conduct at issue occurred.

> (a)     In general - an owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any state or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation or possession of the vehicle during the period of the rental or lease...
>
> (c)     Applicability and effective date - notwithstanding any other provision of law, this section shall apply with respect to any action commenced on or after the date of enactment of this section without regard to whether the harm that is the subject of the action, or the conduct that caused the harm, occurred before such date of enactment. 49 U.S.C.S. §30106.

Therefore, in accordance with the requirements of the Savings Clause, §30106 expressly provides that it **is** to "release or extinguish any [l]iability incurred under such (repealed) statute(s)." 1 U.S.C.S. §9. Therefore, because the statute has an explicit target (state laws imposing vicarious liability upon rental car companies) as well as an explicit retroactive component, which will be discussed further below, any claims arising under the prior state statute are not "saved" and do not survive. This is not the situation where the new law does not specifically reference the existing law being repealed nor one which invites ambiguity as to its effect on existing claims at the time of its enactment. Cf. Schnall v. Amboy Nat'l Bank, 279 F.3d 205, 209 (3rd Cir. 2002) (since the new statute, repealing its predecessor, did not expressly provide for retroactive application, the claimant's cause of action survived under the savings clause.)

Plaintiff has taken a much broader interpretation and application of the Savings Clause than the U.S. Supreme Court. Noting that this Clause is but a mere statute, the Supreme Court has held that its application cannot be used to disregard the will of Congress "as manifested either expressly or by necessary implication in a subsequent enactment." Great N. Ry. v. U.S., 208 U.S. 452, 465 (1908); See also Quick v. D.C., 71 A.2d 771 (D.C. 1950) (relying upon Great Northern in applying the federal savings clause to the District of Columbia Rent Act.) (emphasis added). In other words, the statute need not, as Plaintiff suggests, expressly identify the prior legislation to be repealed (Oppos. at pg. 7), but rather it is sufficient if the new statute by "necessary implication" repeals the former. Such is the case here because the two statutes cannot be reconciled with regard to rental car companies.

The statute, as set forth above, is directed at *"the law of any state or political subdivision."* By the Plaintiff's reasoning, Congress would have had to identify by specific code section each and every state statute that was being repealed by the enactment of 49 U.S.C.S. §30106. First, this is not necessary given the broad, encompassing language that the statute applies to all state laws to the contrary. Secondly, this is a situation where the repeal of the state statutes, such as D.C. Code §50-1301.08, is also accomplished by necessary implication. The statute is clearly and unequivocally intended to implicate and supercede *any* state laws which impose vicarious liability upon rental car companies for the negligence of their customers.

Statutory repeal by implication is a well established precedent. "If two acts are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first." District Council 20 v. D.C., 1997 U.S. Dist. LEXIS 11798 (D.D.C. 1997). See also D.C. v. Simpson, 47 App. D.C. 6 (1917) ("where the latter enactment

covers the whole subject matter of the previous law and is plainly intended to prescribe the only rule which shall govern, repeal by implication is just as effective as express repeal.") Repeal by implication is justified when the earlier and later statutes are irreconcilable. U.S. v. Wright, 819 F.2d 318 (D.C. Cir. 1987) citing Morton v. Mancari, 417 U.S. 535, 550 (1974).

The effect of the earlier D.C. statute is to impose vicarious liability upon a vehicle owner, such as Budget, for its negligent operation whereas the new federal statute reaches the exact opposite result: "*an owner of a motor vehicle... shall not be liable...by reason of being the owner of the vehicle for harm to persons or property that results or arrives out of the use, operation or possession of the vehicle.*" 49 U.S.C.S. §30106(a). The two statutes cannot be reconciled with regard to rental car owners - the first imposes liability and the second, and controlling one, abolishes it. Accordingly, the repeal is both express by its terms as well necessary by implication, since the statutes are repugnant.

Furthermore, any suggestion by the Plaintiff that a special outcome should result in this case because the repealed District of Columbia statute was originally enacted by Congress, has previously been rejected as an unsound explanation for applying the savings clause. The Court of Appeals for the District of Columbia has recognized that the federal savings statute is applicable, not because the District of Columbia legislation at issue was originally enacted by Congress, but rather because Congress has made its general laws applicable to D.C. U.S. v. Alston, 580 A.2d 587, 600 (D.C. 1990).

Finally, the fact that §30106 was enacted as a part of a highway appropriations bills is of no consequence in terms of its authority. (Oppos. at pgs. 3-4, 10). Although Congress generally does not legislate through appropriation measures, it has been found to be necessary, proper, and able of

withstanding judicial scrutiny even when there are changes made to substantive law. See District Council 20 v. D.C., 1997 U.S. Distr. LEXIS 11798 (D.D.C. 1997).

Accordingly, in that 49 U.S.C.S. §30106 was properly enacted by Congress, is applicable to the District of Columbia, and effectively repeals D.C. Code §50-1301.08 under the federal savings clause, the new statute should be given its full intended effect and all claims against the Budget Defendants should be dismissed.

III.   APPLICATION OF 49 U.S.C.S. §30106 TO THE FACTS OF THIS CASE IS NOT UNCONSTITUTIONAL

Plaintiff's final argument against enforcement of §30106 is that it unconstitutionally shortens the Plaintiff's statute of limitations without reasonable forewarning. However, unlike the authority relied upon by the Plaintiff wherein a legislative body modified the time period in which a claim could be brought[1], but left the substantive cause of action in place, in this instance, the substantive cause of action has been abolished and is no longer in existence.

Further, the exemption of this case as urged by the Plaintiff is untenable and raises equal protection considerations. If the unambiguous language of the statute regarding its effective date (the date of enactment) is disregarded for this case, should it be applied to cases filed today? Next month? Next year? When would the effective date be if not the explicit one provided? Recognizing the fundamental unfairness which can flow from retroactive legislation, the Court of Appeals nonetheless enforced new labor relations rules finding the ills of retroactivity was outweighed by the mischief produced when the effective date is ignored, contrary to statutory design and legal

---

[1] None of the cited authority for this proposition was from a District of Columbia Court or otherwise binding on this Court. (See Oppos. at pgs. 9-10 citing authority from the 5th Circuit and the state courts of New Mexico and New York).

principles. Leedom v. Int'l Brotherhood of Elect. Workers, 107 U.S. App. D.C. 357, 278 F.2d 237 (1960).  Declining to give effect to §30106 in this case will be contrary to the Congressional and statutory intent while inviting inconsistent and unpredictable results for future litigants.

Plaintiff's challenge in this regard is more properly framed as an attack on the statute's explicit retroactive language and effect:

> *This section shall apply with respect to any action commenced on or after the date of enactment of this section without regard to whether the harm that is the subject of this action, or the conduct that caused the harm, occurred before such date of enactment."*  49 U.S.C. §30106(c)

As an initial point, given the succinctness of the statute's language, the court is to enforce the act according to its terms and need not enlist rules of statutory construction. Windsor v. State Farm, 509 F.Supp. 342, 344 (D.D.C. 1981) citing Caminetti v. U.S., 242 U.S. 470, 485 (1917). Nonetheless, even if such rules are invoked, the result is the same - the statute is entitled to be given full effect.  This Court has recognized and applied two U.S. Supreme Court rules of statutory construction for retroactive application of new federal statutes:

(1)  the court is to apply the law in effect at the time it renders its decision; and

(2)  congressional enactments will not be construed to have retroactive effect unless their language requires this result. Lockley v. Chao, 812 F.Supp. 246, 251-252 (D.D.C. 1993).

The application of §30106 to the factual circumstances and procedural posture of this case passes muster under both rules. First, with the passage of this statute, it is now the law in the District of Columbia and elsewhere that vicarious liability claims may not be brought against rental car companies for the negligent driving of its customers.  Secondly, the language plainly and unambiguously states that its provisions apply to all cases filed on or after the date of its enactment,

which was August 10, 2005. This case was not filed until November 29, 2005, - literally on the eve of the expiration of the one year wrongful death statute of limitation.[2]

Statutes are to be applied retroactively when their wording is so clear, strong and imperative that no other meaning can be annexed to them or when the intention of the legislature cannot otherwise be satisfied. <u>Windsor</u> at 344 (D.D.C. 1981).  It cannot be argued that this statute is anything but clear, strong and imperative in its express intent to apply retroactively to claims which have accrued, but not yet become the subject of a lawsuit.  As such, the legislative intent to abolish vicarious liability of rental car companies can only be realized by the application of this statute to this action.

The enactment of §30106 presents the not uncommon situation where a newly enacted statute affects existing or potential actions or claims, this case falling into the latter category since suit had not been brought when it was signed into law.  This Court had the opportunity to address a similar situation when a variety of constitutional challenges were raised against a federal act in 2004 which effectively ended a class action lawsuit at the pleading stage. <u>See</u> <u>Jung v. Ass'n of Am. Med. Colleges</u>, 339 F.Supp.2d 26 (D.D.C. 2004).  After the plaintiffs filed suit alleging violations of the Sherman Act, President Bush signed into law a new federal act which had the effect of precluding the plaintiffs' claims, prompting the defendants to move for judgment under Rule 12(c) or to Dismiss under Rule 12(b)(6), depending on their respective procedural posture in the case. Notwithstanding the perceived inequities, the Court noted that Congress has the authority to enact statutes effecting pending cases, including in situations where it would effectively end litigation. <u>Id</u>.

---

[2] The decedent is alleged to have passed on November 30, 2004. (Complaint at ¶20). Thus the one year statute under D.C. Code §16-2702 was due to expire one day after the Complaint was filed.

at 44-45. "If Congress changes the law while a case is pending, the courts are obligated to apply the law as they find it at the time of judgment." Id. at 45.

As in the instant case, the statute at issue in Jung contained explicit language regarding its retroactivity so that the act applies "to conduct whether it occurs prior to, on or after such date of enactment and to all judicial and administrative actions or other proceedings pending on such date of enactment." Id. at 35. Concluding that the retroactivity of the Jung statute was constitutional, the defendants' motions for judgment and/or dismissal were granted. The same result should be reached here, particularly since the Jung statute had much broader retroactive effects (applying to cases already filed) than §30106 (which applies only to cases filed after its enactment).

Accordingly, having demonstrated that 49 U.S.C.S. §30106 does pass constitutional muster as applied to the facts of this case, the Budget Defendants respectfully request that their Motion be granted and all claims against them dismissed.

IV.   CONCLUSION

For the foregoing reasons as well as those set forth in its original Rule 12(b)(6) Motion to Dismiss, Defendants, CENDANT CORPORATION, CENDANT CAR RENTAL GROUP, INC., BUDGET RENT A CAR SYSTEM, INC., and AVIS RENT A CAR SYSTEM, INC. (hereinafter collectively referred to as "Budget Defendants") respectfully request that their Motion to Dismiss be granted and all claims against them be dismissed with prejudice.

Respectfully Submitted,

**s/ Kimberly A. Chadwick, Esquire**
District of Columbia Bar No.477717
DOHERTY, SHERIDAN & PERSIAN, L.L.P.
8408 Arlington Boulevard, Suite 200
Fairfax, Virginia 22031-4663
(703) 698-7700 - phone
(703) 641-9645 - fax
kchadwick@dsp-law.com
*Counsel for Cendant Corporation, Cendant Car Rental Group, Inc., Budget Rent A Car System, Inc., and Avis Rent A Car System, Inc.*

## TABLE OF AUTHORITIES

**Cases**

Caminetti v. U.S., 242 U.S. 470, 485 (1917)..........................................................................7

D.C. v. Simpson, 47 App. D.C. 6 (1917)...........................................................................4, 5

District Council 20 v. D.C., 1997 U.S. Dist. LEXIS 11798 (D.D.C. 1997).............................4, 5, 6

Great N. Ry. v. U.S., 208 U.S. 452, 465 (1908)......................................................................4

Jung v. Ass'n of Am. Med. Colleges, 339 F.Supp.2d 26 (D.D.C. 2004)...................................8, 9

Lockley v. Chao, 812 F.Supp. 246, 251-252 (D.D.C. 1993).......................................................7

Leedom v. Int'l Brotherhood of Elect. Workers,
107 U.S. App. D.C. 357, 278 F.2d 237 (1960)........................................................................7

Morton v. Mancari, 417 U.S. 535, 550 (1974).........................................................................5

Quick v. D.C., 71 A.2d 771 (D.C. 1950).................................................................................4

Schnall v. Amboy Nat'l Bank, 279 F.3d 205, 209 (3rd Cir. 2002)...............................................3

U.S. v. Alston, 580 A.2d 587, 600 (D.C. 1990).......................................................................5

U.S. v. Schumann, 861 F.2d 1234, 1239 (11th Cir. 1988)......................................................2, 3

U.S. v. Wright, 819 F.2d 318 (D.C. Cir. 1987) .......................................................................5

Windsor v. State Farm, 509 F.Supp. 342, 344 (D.D.C. 1981)................................................7, 8

**Statutes**

* 49 U.S.C.S. §30106..............................................................................2, 3, 4, 5, 6, 7, 8, 9

1 U.S.C.S. §109.................................................................................................................2

D.C. Code §16-2702...........................................................................................................8

*D.C. Code §50-1301.08.............................................................................................1, 2, 4, 6