2 of 3 DOCUMENTS

**[*1]  Rafael Orlando Infante, Plaintiff, against U-Haul Co. of Florida, CARMINE CALDERARO and EDUARDO CITRON, Defendants.**

**18167/05**

**SUPREME COURT OF NEW YORK, QUEENS COUNTY**

*2006 NY Slip Op 26020; 11 Misc. 3d 529; 2006 N.Y. Misc. LEXIS 113*

**January 18, 2006, Decided**

**NOTICE:** **[***1]** THE LEXIS PAGINATION OF THIS DOCUMENT IS SUBJECT TO CHANGE PENDING THE RELEASE OF THE FINAL PUBLISHED VERSION.

THIS OPINION IS UNCORRECTED AND SUBJECT TO REVISION BEFORE PUBLICATION IN THE PRINTED OFFICIAL REPORTS.

**JUDGES:** Augustus C. Agate, J.S.C.

**OPINIONBY:** Augustus C. Agate

**OPINION:**  **[**529]**  Augustus C. Agate, J.

   **[**530]** Defendant U-Haul of Florida's motion to dismiss pursuant to *CPLR § 3211* is granted. Defendant has presented sufficient evidence that it did not own the vehicle involved in plaintiff's accident. Rather, defendant presented the certificate of title demonstrating that U-Haul of Arizona was the owner of the vehicle in question. Plaintiff's opposition seeking further discovery before the court decides this motion is without merit, as he presented no evidence to support a theory of ownership against U-Haul of Florida that would justify prolonging this matter. (*See Wyllie v. District Atty. of County of Kings, 2 A.D.3d 714, 770 N.Y.S.2d 110 [2nd Dept.* **[*2]**  *2003]*.) Regardless, it is clear that plaintiff's claim against either U-Haul of Florida or U-Haul of Arizona is invalid based upon Congress' recent enactment of the Safe, Accountable, Flexible Efficient Transportation **[***2]** Equity Act-A Legacy for Users." (*See 49 USC 30106* [8/10/2005].) This law, and specifically the "*Graves Amendment*", resolved a long-standing debate as to the propriety of imposing vicarious liability on car owners who rent or lease their vehicles which are subsequently involved in motor vehicle accidents. By enacting the *Graves Amendment*, Congress has prohibited vicarious liability against these owners and preempted the laws in states, such as New York, that previously permitted it.

   As plaintiff's claim against either U-Haul entity is under the theory of vicarious liability, his claim cannot stand. (*See generally Piche v. Nugent, 2005 U.S. Dist. LEXIS 22275, 2005 WL 2428156 [U.S.D.C. Maine 9/30/2005]*.)

   Accordingly, defendant's motion to dismiss is granted and plaintiff's Complaint is dismissed solely as to defendant U-Haul of Florida.

Dated: January 18, 2006

   Augustus C. Agate, J.S.C.