UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICIA JOHNSON,
    As the Personal Representative of the
    Estate of JOHN C. JOHNSON, JR.,

  Plaintiff,

    v.

GUY BORDES AGNANT, JR., *et al.*,

  Defendants.

Civil Action No. 05–2305 (CKK)

**MEMORANDUM OPINION**
(April 25, 2006)

Presently before the Court is [13] Rule 12(b)(6) Motion to Dismiss, filed on December 20, 2005, by Defendants Cendant Corporation, Cendant Car Rental Group, Inc., Budget Rent a Car System, Inc., and Avis Rent a Car System, Inc. (hereinafter collectively referred to as the "Budget Defendants").[1] Plaintiff filed an opposition on January 13, 2006. The Budget Defendants filed a reply on January 20, 2006. After considering the aforementioned filings, the Complaint, and the relevant statutes and case law, the Court shall GRANT the Budget Defendants' Motion to Dismiss.

**I: BACKGROUND**

For the purposes of this Motion to Dismiss, the facts in this case are relatively straightforward and will be taken directly from the Plaintiff's Complaint. On November 30, 2004, Defendant Guy Agnant drove a Buick LeSabre ("the Buick") with the license plate JNJ-

---

[1] Defendant Budget Rent A Car System, Inc., Defendant Avis Rent A Car System, Inc., and Defendant Cendant Car Rental Group, Inc., are all subsidiaries of Defendant Cendant Corporation. Compl. ¶¶ 5–8.

1910 (VA) and VIN No. 1G4HP52K75U126846 through a red light at the intersection of Irving Street and Park Place in the District of Columbia at approximately 90 miles per hour.  Compl. ¶¶ 13, 17.  Defendant Agnant had rented the Buick from Defendant Budget's office located at 1620 L Street, Northwest, in the District of Columbia on November 18, 2004.  Id. ¶ 13, Exh. (Rental Agreement).  In that intersection, the Buick struck driverside a car owned and driven by forty-nine year old John C. Johnson, Jr.  Id. ¶¶ 3, 17.  The impact of the collision pushed Mr. Johnson's car approximately 143 feet.  Id. ¶ 18.  Mr. Johnson was extricated from his car and transported to Washington Hospital Center, where he was admitted in critical condition and pronounced dead approximately 42 minutes after the time of the collision.  Id. ¶ 20.  An autopsy performed by the Deputy Medical Examiner determined that the cause of Mr. Johnson's death was multiple blunt force trauma caused by the collision.  Id.  On October 18, 2005, Defendant Agnant pled guilty to one count of Involuntary Manslaughter with respect to the death of Mr. Johnson.  Compl. ¶ 22.

     Plaintiff Patricia Johnson, as personal representative of the estate of Mr. Johnson, filed a civil Complaint against Defendant Guy Agnant and the Budget Defendants with this Court on diversity grounds on November 29, 2005.  In her Complaint, Plaintiff brings a wrongful death claim pursuant to D.C. Code Ann. § 16-2702 and a survival action pursuant to D.C. Code Ann. § 12-101 against all Defendants.  Compl. ¶¶ 23–34.  Plaintiff's allegation against the Budget Defendants with respect to her wrongful death claim is stated as follows: "At the time of the aforedescribed automobile accident, Agnant was operating the Buick with the consent of its owner(s)–Cendant, Avis and/or Budget."  Id. ¶ 28.  Plaintiff requests compensatory and punitive damages, costs and expenses, and any other relief the Court deems appropriate from all

defendants, jointly and severally, with respect to her wrongful death claim. *Id.* at 8. Plaintiff's allegation against the Budget Defendants with respect to her survival action claim is stated as follows: "At the time of the aforedescribed automobile accident, Agnant was operating the Buick with the consent of its owner(s)–Cendant, Avis and/or Budget." *Id*. ¶ 34. Plaintiff requests economic and/or compensatory damages, damages related to pain and suffering, costs and expenses, and any other relief the Court deems appropriate from all defendants, jointly and severally, with respect to her survival action claim. *Id.* at 9.

In their Motion to Dismiss, the Budget Defendants move for dismissal on two grounds. First, the Budget Defendants allege that the Complaint fails to set forth any cause of action against them, since Plaintiff's sole mention of the Budget Defendants with respect to the two counts in the Complaint is that Defendant Agnant was operating the Buick with the consent of the Budget Defendants. Mot. Dismiss at 4; Compl. ¶¶ 28, 34. The Budget Defendants claim that Plaintiff has failed to satisfy minimum pleading requirements under Federal Rule of Civil Procedure 8(a) because she has not alleged the elements of a cause of action against the Budget Defendants. Mot. Dismiss at 5.

Second, the Budget Defendants argue that any claim of vicarious liability asserted by Plaintiff against the Budget Defendants is prohibited under federal law. Mot. Dismiss at 5. Because the Court agrees, as set forth in Part III, that federal law prohibits Plaintiff from bringing any cause of action against the Budget Defendants based on a theory of vicarious liability regardless of whether such claims are adequately asserted in Plaintiff's Complaint, the Court shall GRANT the Budget Defendants' Motion to Dismiss on this second ground.

## II: LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, "the Court must construe the complaint in the light most favorable to plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). While the Court must construe the complaint in the Plaintiff's favor, it "need not accept inferences drawn by [the] plaintif[f] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Moreover, the Court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). The Court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993). Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

### III:  DISCUSSION

Under federal law, Plaintiff is prohibited from bringing an action against the Budget Defendants under a theory of vicarious liability.  Pursuant to 49 U.S.C. § 30106(a),

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) *shall not be liable under the law of any State or political subdivision thereof*, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a) (emphasis added).  The date of enactment of this section was August 10, 2005–prior to the time when Plaintiff filed suit but after the time the accident in question occurred.  *See* 49 U.S.C. § 30106 (References in Text).  However, the section itself speaks to its applicability under these circumstances.  Pursuant to 49 U.S.C. § 30106(c): "Notwithstanding any other provision of law, this section shall apply with respect to any action commenced on or after the date of enactment of this section without regard to whether the harm that is the subject of the action, or the conduct that caused the harm, occurred before such date of enactment." *Id.* In the instant case, Plaintiff alleges that the Budget Defendants rented the Buick to Defendant Agnant.  Plaintiff supported this statement by attaching the rental agreement between Budget and Mr. Agnant to her Complaint.  Compl. at Exh. (Rental Agreement).  Furthermore, as the Budget Defendants point out in their Motion to Dismiss, Plaintiff does not allege any negligence or criminal wrongdoing on the part of the Budget Defendants in her Complaint, nor does she refute this in her opposition.  *See* Mot. Dismiss at 7.  Thus, in explicit terms, 49 U.S.C. § 30106 precludes the finding of liability against the Budget Defendants in the instant case under a theory

of vicarious liability because Plaintiff filed her Complaint "after the date of enactment of this section," and the other criteria for applicability of the statute have been met. *Id.*

Plaintiff makes two arguments as to why 49 U.S.C. § 30106 should not be applicable to the case at hand. First, she argues that 49 U.S.C. § 30106 is legally inadequate to repeal a contrary provision of the D.C. Code. Pl.'s Opp'n at 4. Second, she argues that application of 49 U.S.C. § 30106 to the instant case, even if not determined to be inapplicable under District of Columbia law, would be "unconstitutional as applied to the facts of this case." *Id.* The Court will address these arguments in turn, ultimately determining that they are inapposite to the case at hand.

Despite the fact that the text of 49 U.S.C. § 30106 states that "[a]n owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) *shall not be liable under the law of any State or political subdivision thereof*," Plaintiff claims that this federal statute does not preempt D.C. law creating liability for vehicle owners, including companies that rent out vehicles. 49 U.S.C. § 30106(a). More specifically, Plaintiff relies on D.C. Code § 50-1301.08, enacted by Congress on May 25, 1954, which states:

> Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner.

D.C. Code § 50-1301.08. Relying on the Federal Savings Clause, 1 U.S.C. § 109, Plaintiff argues that any repeal of prior federal legislation must be express and not by implication. Pl.'s Opp'n at 7; 1 U.S.C. § 109 ("The repeal of any statute shall not have the effect to release or

extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."). Plaintiff further reasons that because the D.C. Code section at issue was enacted by an Act of Congress, it is subject to the protections afforded by the Savings Clause such that the lack of reference to the specific provision of the D.C. Code at issue by 49 U.S.C. § 30106 itself or in the legislative history of 49 U.S.C. § 30106 is "legally insufficient to effect a full or partial repeal of [D.C. Code § 50-1301.08]." Pl.'s Opp'n at 8.

  Plaintiff's analysis fails. On its face, 49 U.S.C. § 30106(a) is *express* in its statement that "[a]n owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof." *Id.* Plaintiff's suggestion that Congress needed to specifically mention every law of every state or political subdivision that it intended to repeal under 49 U.S.C. § 30106 lacks merit. *See also Great N. Ry. v. U.S.*, 208 U.S. 452, 465 (1908) (holding that application of the Savings Clause cannot be used to disregard the will of Congress "as manifested, *either expressly or by necessary implication*, in a subsequent enactment" (emphasis added)). While this Court holds that 49 U.S.C. § 30106 is *express* in its repeal of all state and political subdivision laws *including* D.C. Code § 50-1301.08 that impose vicarious liability on certain entities including the Budget Defendants, the Court could alternatively find that the repeal of D.C. Code § 50-1301.08 with respect to businesses renting and/or leasing cars and subject to the conditions set forth in 49 U.S.C. § 30106 is *necessarily implied*, as the terms of the federal and D.C. statutes in question cannot coexist with respect to lessors of vehicles. *See District Council 20 v. D.C.*, 1997 U.S.

Dist. LEXIS 11798 (D.D.C.) (" '[I]f the two [acts] are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first.' " (quoting *United States v. Tynen*, 78 U.S. (11 Wall.) 88, 92 (1870))).  Finally, the Court notes that the legislative history clearly demonstrates that 49 U.S.C. § 30106 was intended to repeal District of Columbia law holding car rental companies vicariously liable for accidents. 109 Cong. Rec. H1199-1202 (daily ed. March 9, 2005) ("[T]he amendment offered by the gentleman from Missouri (Mr. Graves) regarding vicarious liability for rental car companies . . . if passed, would nullify the laws of 15 States and the District of Columbia . . . .") (statement of Congressman Nadler (NY)).

   Plaintiff's argument that application of 49 U.S.C. § 30106 to the case at hand would be unconstitutional because it would, by eliminating vicarious liability on the date of enactment, effectively shorten the one-year statute of limitations period in which Plaintiff could have brought a claim against the Budget Defendants also fails.  Plaintiff cites to a number of non-precedential cases standing for the principle that statutes or amendments reducing existing statute of limitations periods should allow potential plaintiffs a reasonable amount of time to assert their rights in order to pass constitutional muster.  Pl.'s Opp'n at 9 (citing *Fust v. Arnar-Stone Labs., Inc.,* 736 F.2d 1098 (5th Cir. 1984); *Hartford Cas. Ins. Co. v. FDIC*, 21 F.3d 696, 703–04 (5th Cir. 1994); *Quintana v. Los Alamos Med. Ctr.*, 889 P.2d 1234, 1236 (N.M. App. 1994); *McGuirk v. City School Dist. of City of Albany*, 501 N.Y.S. 2d 477, 478 (1986)).  However, all of the cases cited by Plaintiff discuss laws *explicitly* shortening statute of limitations periods.  In applying these cases to the facts at hand, however, Plaintiff clearly misses the point: *49 U.S.C. § 30106 does not itself shorten an existing statute of limitations period, nor does it address statute of*

*limitations issues at all*.  Second, this Court previously held that a federal statute eliminating a cause of action on its effective date survived constitutional muster–even when already filed and pending claims were dismissed as a result.  *See Jung v. Ass'n of Am. Med. Colleges*, 339 F. Supp. 2d 26, 44–45 (D.D.C. 2004) ("If Congress changes the law while a case is pending, the courts are obligated to apply the law as they find it at the time of judgment." (quotation omitted)).  Finally, despite Plaintiff's own assertions to the contrary (and not predicate to the Court's decision in the matter at hand), Plaintiff's own Notice to the Court filed on January 20, 2006, admits that there was legislative discussion of 49 U.S.C. 30106 in March of 2005–well before the section was enacted in August of 2005–such that Plaintiff was technically on notice as to the potential change in federal law.  *See* Pl.'s Notice at Exh. A (109 Cong. Rec. H1199-1202 (daily ed. March 9, 2005)).

> Finally, the Court notes that the Budget Defendants in their Motion to Dismiss state that:
>
> > it is further expected, based on a phone conversation with opposing counsel, that the Plaintiff may contend that as the vehicle owners, the Budget Defendants are obligated to afford certain liability coverage for these claims . . . .  As to the former, a direct action may not be brought against an entity affording liability coverage until the claim against the insured tortfeasor has been reduced to a judgment and returned unsatisfied.  See A.S. Johnson Co. v. Atlantic Masonry Co.*,* 693 A.2d 1117, 1119 (D.C. 1997).  Therefore, any claim of this nature would be premature.

Mot. Dismiss at 5–6.  Because Plaintiff does not state in her opposition that she is bringing a claim for liability coverage against the Budget Defendants in the instant suit, nor does Plaintiff refute the Budget Defendants' statement regarding the untimely nature of such a claim if presently brought, the Court is satisfied that Plaintiff intended in its present Complaint only to bring wrongful death and survival action claims against the Budget Defendants under a theory of vicarious liability.  For the reasons stated above, Plaintiff cannot brings such claims against the

Budget Defendants such that her suit against the Budget Defendants must be dismissed.

## IV: CONCLUSION

For the aforementioned reasons, the Budget Defendants' [13] Rule 12(b)(6) Motion to Dismiss is GRANTED. An Order accompanies this Memorandum Opinion.


Date:   April 25, 2006

                                                /s/
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge